IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW JACKSON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 07-cv-0450-MJR-CJP ) |
| UNITED PARCEL SERVICE, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Reagan, District Judge:

In this suit against his former employer, Matthew Jackson alleged that United Parcel Service ("UPS") discharged him from employment in retaliation for exercising rights afforded to him under the Illinois Workers' Compensation Act, 820 ILCS 305/1, *et seq.* By Order dated September 25, 2008, this Court granted summary judgment in favor of Defendant UPS on all claims, finding that Plaintiff Jackson had not made a prima facie case of retaliatory discharge. Judgment was entered accordingly.

Now pending before the Court is UPS' Bill of Costs, to which Jackson objected and UPS replied (Docs. 32, 40, 42).[1] UPS seeks to recover a total of $4,277.53 in costs, having submitted the request via a standard "AO 133" form.

---

[1] Jackson has appealed the Court's September 25th Order (*see* Doc. 33), but the appeal does not divest the undersigned Judge of the power to rule on ancillary issues likes attorneys' fees or costs. ***See, e.g., Kusay v*. U.S., 62 F.3d 192, 193 (7th Cir. 1995);** *U.S. v. Burton*, **543 F.3d 950, 952 (7th Cir. 2008).**

Federal Rule of Civil Procedure 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

Rule 54(d) means that the costs delineated in 28 U.S.C. § 1920 should be allowed as of course to the prevailing party, ***Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2008)**. The "process for awarding costs is intended to be summary." ***Extra Equipamentos E Exportacao, Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008)**.

As the Seventh Circuit explained in ***Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003)**:

> Rule 54(d)(1) expressly notes that the award of costs is "as of course," and we have interpreted this language as creating a strong presumption that the prevailing party will recover costs…. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). We have recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent.[2]

So the general rule governing entitlement to Rule 54 costs is that "costs must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present." ***Cassidy*, 338 F.3d at 710**.

---

[2] ***Cassidy*** interpreted the version of Rule 54(d) which predated the 2007 amendments to the Federal Rule of Civil Procedure, but the committee notes indicate that the recent rewording of Rule 54(d) is merely "stylistic").

The general statute covering award of costs, 28 U.S.C. § 1920, states that the judge or clerk of court may tax the following items as costs:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> [and]
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Case law confirms that allowable items of costs include charges for copying, computerized research, summonses, subpoenas, delivery services and deposition transcription. ***See Little*, 514 F.3d at 701.** Certain of these items are limited by statutorily-prescribed per diem and subsistence allowances. ***See, e.g.,* 28 U.S.C. § 1821.** In addition to being authorized by statute, costs "must be both reasonable and necessary to the litigation for a prevailing party to recover" them. ***Little*, 514 F.3d at 702, *citing Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).** With these principles in mind, the Court examines the Bill of Costs filed by UPS.

First, there is no question that UPS is a prevailing party herein. A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." ***Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.),**

*cert. denied*, 527 U.S. 1005 (1999); *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985). Defendants prevail by defeating a claim against them. *See Perlman v. Zell*, 185 F.3d 858, 859 (7th Cir. 1999).

Next, the record discloses that, with one exception described below, each item of costs sought by UPS was both reasonable and necessary to the litigation. Jackson objects to $280.50 and $125.40 (the costs of deposing Dr. Boyd and Dr. Walkner) as well as $250 (the costs for private process servers to serve summonses on Drs. Boyd and Walkner).[3] Jackson asserts that these costs are not recoverable, because neither deposition was used in this case, and thus neither deposition was necessarily obtained. That argument is unavailing.

The law of this Circuit plainly holds that depositions needs not be used in support of a dispositive motion or introduced at trial to be reasonably necessary. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991); *Cengr,* 135 F.3d at 455; *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). The issue is whether the depositions were reasonably necessary given the facts *at the time the witnesses were deposed*. *See M.T. Bonk*, 945 F.2d at 1410 ("The determination of necessity must be made in light of the facts known at the time of the deposition.").

---

[3] The pleadings alternatively refer to Dr. Walkner as "Dr. Wochner."

Here, Plaintiff Jackson listed both Dr. Boyd and Dr. Walkner in his Rule 26 disclosures as persons with knowledge of matters alleged in the complaint and/or persons who treated Plaintiff for depression and anxiety resulting from UPS' alleged harassment and bad treatment of Plaintiff. It was reasonably necessary for UPS to depose the doctors to prepare and defend its case, whether or not the depositions included material ultimately used to buttress UPS' summary judgment motion.

The $250 fee for the process servers used on Drs. Boyd and Walkner is similarly recoverable under § 1920. So are the subpoena and witness fees totaling $241.98 on Exhibit C to the Bill of Costs. That exhibit plainly reveals that these fees related to subpoenaing employment records and medical records or represent standard witness fees for the doctors' depositions.

The Court also rejects UPS' argument regarding the $763.50 in copying costs. The same reasoning applies to the expense of copying materials as to deposition costs. The question is whether, at the time the documents were copied, it was reasonably necessary to make those copies. **See Cengr, 135 F.3d at 455**. In the case at bar, the answer is yes. Plus, the 10-cent-per-page rate charged here is quite reasonable for copying costs.

The Court finds merit in only one of Jackson's objections to UPS' Bill of Costs – the request to recover $898.75 for videotaping Plaintiff Jackson's deposition. *See* Exh. B-3 to Doc. 32, invoice from Esquire Deposition Services.

Although fully cognizant of the Seventh Circuit's holding in *Little*, **514 F.3d 699 (deciding, as matter of first impression, that a district court can award prevailing party costs of both video-recording and stenographically transcribing a deposition)**, the undersigned Judge concludes that the record does not support the award of both costs in the instant case.

UPS did rely on Jackson's deposition in the successful summary judgment motion, but UPS had the "paper" transcript of that deposition and cited excerpts from that transcript in support of the motion (*see, e.g.,* Docs. 16, 17 and 27-3). UPS has not explained how the video-recording costs were necessary or reasonable. Accordingly, this Court will award all costs sought by UPS less the $898.75 for that item.

For the reasons stated above, the Court accepts in part and rejects in part Jackson's objections (Doc. 40) to UPS' Bill of Costs (Doc. 32). The undersigned Judge **DIRECTS THE CLERK OF COURT TO TAX COSTS** in the amount of $4277.53 less $898.75, i.e., tax costs totaling **$3378.78**.

IT IS SO ORDERED.

DATED this 16th day of December 2008.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Court